Robert R. Pohls (California Bar #131021)
**POHLS & ASSOCIATES**
1550 Parkside Drive, Suite 260
Walnut Creek, California  94596
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorney for Plaintiff
**State Farm Life Insurance Company**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LUZ PATRICIA BARNETT, JENNA McCAIN and KYLE BARNETT,<br><br>　　　　Defendants. | Case No. 14-CV-01688-GEB-SAB<br><br>**STIPULATED JUDGMENT IN INTERPLEADER** |

　　　Having reviewed the parties' Stipulation and Order for Entry of Judgment in Interpleader, (ECF No. 18), and it appearing that plaintiff State Farm Life Insurance Company ("State Farm") has brought this action in interpleader, that this Court has jurisdiction of the parties and of the subject herein, and that good cause appears therefor,

　　　IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

　　　1. State Farm properly filed its Complaint in Interpleader herein, and that this is a proper cause for interpleader.

2. By reason of the death of Justin Barnett (the "Decedent") on or about July 27, 2014, the total sum of $250,024.95 (the "Proceeds") became due and payable under State Farm's life insurance policy number LF-2251-5400 (the "Policy").

3. Defendant Luz Patricia Barnett, defendant Jenna McCain, and defendant Kyle Barnett each claim all or some portion of Proceeds.  No other person or entity has made a claim to the Proceeds.

4. Having deposited the sum of $252,273.67 (representing the Proceeds plus interest) with the Clerk of this Court on or about October 29, 2014, State Farm and its heirs, assigns, agents, employees, agent-employees, servants, directors, officers, attorneys, predecessors, successors, parent companies, subsidiaries, and affiliates, and each of them be and hereby are released, discharged and acquitted of and from any liability of any kind or nature whatsoever under the Policy;

5. State Farm be and hereby is awarded the sum of $1,000.00 for the attorneys' fees and costs it incurred in connection with this action, and the Clerk of the Court be and hereby is directed to pay that sum to State Farm, from and out of the funds deposited herein, by check made payable to "State Farm Life Insurance Company" and delivered via first class mail to its attorneys of record at the following address:  Pohls & Associates, Att'n:  Robert R. Pohls, 1550 Parkside Drive, Suite 260, Walnut Creek, California  94596;

6. Defendant Jenna McCain and defendant Kyle Barnett be and hereby are jointly the sum of $125,636.84 as that portion of the funds deposited herein as to which defendant Luz Patricia Barnett makes no claim, and the Clerk of the Court be and hereby is directed to pay that sum jointly to defendant Jenna McCain and defendant Kyle Barnett, from and out of the funds deposited herein, by check made payable to "Len Tillem & Associates in trust for Kyle Barnett and Jenna McCain" and delivered via first class mail to

their attorneys of record at the following address:  Len Tillem & Associates, Att'n:  Audrey J. Gerard, 846 Broadway, Sonoma, California  95476;

7. Upon the entry of this Judgment in Interpleader, State Farm be and hereby is dismissed with prejudice from this action;

8. Although "the first stage of the two[-]part interpleader process [is] now complete[], [Defendants Luz Patricia Barnett, Jenna McCain, and Kyle Barnett] must . . . litigate their entitlement to the [remaining] interpled funds in the second phase of these proceedings." Prudential Ins. Co. of Amer. v. A.M., No. 2:13-cv-00820-MCE-AC, 2014 WL 3689367, at *2 (E.D. Cal. July 24, 2014); see Mack v. Kuckenmeister, 619 F.3d 1010, 1023-24 (9th Cir. 2010) ("An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." (internal quotation marks and citations omitted)); and

9. Defendants shall file a joint status report no later than fourteen (14) days prior to the January 26, 2015 Status Conference, in which they shall address how each claimant intends to litigate entitlement to the remaining interpled funds and all pertinent subjects set forth in Local Rule 240.

Dated:  December 23, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge